

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-6968
Re: Authority of the La Grange
Journal, which is owned by
the County Superintendent,
to compete with other bidders
for the furnishing of office
supplies to the County.

Your letter of recent date requesting an opinion
from this department on the above subject matter is in part
as follows:

"The present qualified and acting County
Superintendent of Public Schools is the sole
owner of the La Grange Journal, a weekly news-
paper published for over 50 years. The Super-
intendent is not related by blood or affinity
with any members of the Commissioner's Court,
the County Judge, the Auditor, nor any of the
other County Officers.

"Under the above fact situation, could the
said LaGrange Journal or its owner legally file
bids and enter into a contract with the Commis-
sioners' Court and Fayette County for furnish-
ing office supplies to the County of Fayette,
such as stationery, etc. that the county lets
out on bids? In other words, would the fact
that the LaGrange Journal is owned by the County
Superintendent, prevent it from competing with
other bidders for the furnishing of office sup-
plies to the County?"

Article 2688, V. A. C. S., creating the office of
County Superintendent, provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION ....

Honorable John C. Marburger, page 2

"The Commissioners' Court of every county having three thousand (3,000) scholastic population or more as shown by the preceding scholastic census, shall at a General Election provide for the election of a County Superintendent to serve for a term of four (4) years, who shall be a person of educational attainments, good moral character, and executive ability, and who shall be provided by the Commissioners' Court with an office in the courthouse, and with necessary office furniture and fixtures. He shall be the holder of a teacher's first grade certificate or teacher's permanent certificate. In every county that shall attain three thousand (3,000) scholastic population or more the Commissioners' Court shall appoint such Superintendent who shall perform the duties of such office until the election and qualification of his successor. In counties having less than three thousand (3,000) scholastic population whenever more than twenty-five per cent (25%) of the qualified voters of said county as shown by the vote for Governor at the preceding General Election shall petition the Commissioners' Court therefor, said Court shall order an election for said county to determine whether or not the office of County Superintendent shall be created in said county; and, if a majority of the qualified property taxpaying voters voting at said election shall vote for the creation of the office of County Superintendent in said county, the Commissioners' Court, at its next regular term after the holding of said election, shall create the office of County Superintendent, and name a County Superintendent who shall qualify under this Chapter and hold such office until the next General Election. Provided, that in all counties having a population in excess of three hundred and fifty thousand (350,000) inhabitants according to the last available Federal Census the County Superintendent shall be appointed by the County Board of Education and shall hold office for two (2) years, provided further, that this provision shall not operate so as to deprive any elected Superintendent of his office prior to the expiration of the term for which he has been elected; provided further that

in counties having a scholastic population of be-
tween three thousand (3,000) and five thousand
(5,000) scholastics, wherein the office of County
Superintendent has not been created and a Super-
intendent elected, then in such counties the question
of whether or not such office is established shall be
determined by the qualified voters of said county in
a special election called therefor by the Commission-
ers' Court of said county, upon petition therefor as
hereinabove specified."

Article 2689, V. A. C. S., is as follows:

"The county superintendent shall first take
the official oath and shall enter into a bond in
the sum of one thousand dollars, with good and
sufficient sureties, to be payable to and approved
by the commissioners court, conditioned under the
faithful performance of his duties. Any sum col-
lected on a forfeiture of said bond shall become a
part of the available county school fund."

Article 2690, V. A. C. S., provides, in part:

"The county superintendent shall have, under
the direction of the State Superintendent, the im-
mediate supervision of all matters pertaining to
public education in his county. He shall confer
with the teachers and trustees and give them ad-
vice when needed, visit and examine schools, and
deliver lectures that shall tend to create an in-
terest in public education. He shall spend four
days each week visiting the schools while they are
in session, when it is possible for him to do so.
He shall have authority over all of the public
schools within his county, except such of the in-
dependent school districts as have a scholastic
population of five hundred or more. In such inde-
pendent school districts as have less than five
hundred scholastic population, the reports of the
principals and treasurers to the State Department
of Education shall be approved by the county super-
intendent before they are forwarded to the State
Superintendent. . . . ."

- 4 -

We quote the following from 34 Texas Jurisprudence, p. 323:

"... 'Office' embraces the ideas of tenure, duration, emolument and duties. Among the criteria for determing whether an employment is a public office are the following: the delegation of a portion of the sovereign functions of the government; the requirement of an official oath; that the powers entrusted are conferred by law and not by contract. . ."

Based upon the foregoing, it is our opinion that a County Superintendent is a County Officer.

We call your attention to Article 373, V. A. P. C., which reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money, or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than Fifty ($50.00) Dollars and not more than Five Hundred ($500.00) Dollars."

Since the County Superintendent is the owner of the La Grange Journal, it is the opinion of this department that the La Grange Journal or County Superintendent is prohibited from filing bids and entering into a contract with Fayette County by Article 373, V. A. P. C.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _J. C. Davis Jr._
J. C. Davis, Jr.
Assistant

By _John Reeves_
John Reeves

APPROVED DEC 12, 1945

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN

JR:ddt